IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TD Burger DC, LLC<br>250 K Street NE,<br>Washington DC 20002 | :<br>:<br>: |
| | : |
| Timothy Dean, Chef/ Owner/ Guarantor<br>TD Burger DC, LLC<br>250 K Street NE,<br>Washington DC 20002 | :<br>:<br>:<br>: |
| | :      Case No.: |
| Adebayo Adedeji, Investor/Guarantor<br>TD Burger DC, LLC<br>250 K Street NE,<br>Washington DC 20002 | :<br>:<br>:<br>: |
| | : |
| And | : |
| | : |
| Fisher Dean Jr., Investor/Guarantor<br>TD Burger DC, LLC<br>250 K Street NE,<br>Washington DC 20002 | :<br>:<br>:<br>: |
| | : |
| Plaintiffs, | : |
| | : |
| v. | : |
| | : |
| Union Place Phase I, LLC<br>c/o TIAA-CREF<br>8500 Andrew Carnegie Boulevard,<br>3rd Floor<br>Charlotte, NC 28262 | :<br>:<br>;<br>:<br>: |
| | : |
| Defendant. | : |
| | : |

COMPLAINT

1.      COMES NOW the Plaintiffs TD Burger DC, LLC, Timothy Dean, Chef/ Owner/

Guarantor for TD Burger DC, LLC, Adebayo Adedeji, Investor/Guarantor for TD Burger

DC, LLC, and Fisher Dean Jr., Investor/Guarantor for TD Burger DC, LLC, by and

through their undersigned counsel, respectfully presents this Complaint against the

Defendant Union Place Phase I, LLC to enforce their civil rights under 42 U.S.C. 1981

and the D.C. Human Rights Act.

## JURISDICTION

2.      Jurisdiction of this court is based upon 42 U.S.C. § 1981.

## VENUE

3.      Venue is proper in the District of Columbia as the acts complained of occurred

within the said jurisdiction.

## STATEMENT OF FACTS

4.      Plaintiff TD BURGER DC LLC, is a Black owned District of Columbia Limited

Liability Company owned by Black Plaintiffs Timothy Dean, Chef/ Owner/Guarantor for

TD Burger DC, LLC, Adebayo Adedeji, Investor/Guarantor for TD Burger DC, LLC,

and Fisher Dean Jr., Investor/Guarantor for TD Burger DC, LLC.  Plaintiff Timothy

Dean spent 12 years working on and off with the late, great chef, Jean-Louis Palladin,

first at Jean-Louis in the famed Watergate Hotel, and later as Chef de Cuisine at Palladin

in New York City. He has worked alongside other notable chefs including Alain Ducasse,

Roberto Donna, Guenter Seeger and Patrick Clark.  In 1988, Plaintiff Timothy Dean

represented the United States of America in the Culinary Olympics in South Africa,

where he won a Gold Medal for Hot Food. A graduate of Howard University, Plaintiff

Timothy Dean was named the university's Young Entrepreneur of the Year in 2000. In

2010, Plaintiff Timothy Dean was contestant on Bravo's reality television show "Top

Chef" DC during season seven.

5.      Defendant UNION PLACE PHASE I, LLC, is a non-Black owned Delaware

Limited Liability Company.

6.     Defendant Union Place Phase I, LLC (Landlord) entered into a commercial lease agreement for a restaurant with Plaintiff TD Burger DC, LLC (Tenant) for Two Thousand Nine Hundred Fifty (2,950) square feet of gross leasable area, more or less, in that certain building located at 250 K Street, on the corner of 3rd and K Streets, N.E., Washington, D.C. in 2012 during an economic down time in the District of Columbia.

7.     Defendant Union Place Phase I, LLC (Landlord) signed contracts and entered into a commercial lease agreement with the Plaintiffs Timothy Dean, Adebayo Adedeji, and Fisher Dean Jr., to become personally Guarantors for TD Burger DC, LLC.

8.     The liability of Guarantor is coextensive with that of Tenant TD Burger DC, LLC and also joint and several.

9.     Shortly after Plaintiffs restaurant opened, gentrification began to happen in the community in 2013 and it turned from a majority minority community to a majority White community. As the community changed, so did the actions of the Defendant towards the Black Plaintiffs.

10.     Plaintiff TD BURGER DC LLC is a licensed business in the District of Columbia and it holds several licenses in association with this restaurant business, one which issues the right to hold live entertainment with cover charge. This license permits live entertainment until twelve (12) a.m. and as a condition of this permit Plaintiff TD BURGER DC LLC is required to follow all District of Columbia laws including the "noise ordinance" law, which they had never have not violated. Furthermore, nowhere is it stated in the lease agreement with the Defendant that the Plaintiffs are prohibited from holding live entertainment. In fact, Defendant was informed by the Plaintiffs that the business was somewhat "slow" and that the live bands would surely speed things back up

and help Plaintiffs with rent payments.

11.     The live entertainment, R&B bands brought to Plaintiffs establishment included national recording artists such as Marcus Johnson and others with national acclaim which in turn attracted many upscale African Americans and cultured professionals. This generated over $20,000 a month in new revenue for the Plaintiffs.

12.     Defendant's attorney/agent sent Plaintiffs a cease and desist letter regarding the live entertainment without ANY notice of violating the lease agreement or D.C. Law.

13.     When Plaintiffs reached out to Defendant's agent via email about what was going on, Plaintiffs were not given a response and Defendant's agent failed to address the matter. Plaintiffs then attempted to call the management to find out what the issue was and were told "the tenants…", which are majority Caucasian/ white, "...do not feel safe with the Black clientele that the R&B/ Jazz bands were attracting to the restaurant."

14.     Plaintiffs were in shock because these R&B/ Jazz bands was promoted to and attended by the "grown and sexy" crowd, over 35 years old, which as a result attracted 99% African American professionals, lawyers, doctors, etc. These R&B/ Jazz bands did not bring in "thugs", gang members or any other negative stereotypical portrayal of African Americans. The bands would be finished performing by 10 p.m. even though Plaintiffs license permits them to play until twelve (12) a.m.

15.     It became very clear to Plaintiffs that the Defendant was using the irrational fears of Caucasian/ whites to undermine and undercut the revenue of Plaintiffs business based on Plaintiffs African American clientele. Plaintiffs were forced to loose $20,000 per month in revenue (over $400,000) from their R&B/ Jazz bands due to a discriminatory actions of Defendant and Plaintiffs continue to loose $20,000 a month in revenue because

of Defendant's actions and the imaginary fear of whites of Plaintiff's Black customers

even though Plaintiffs never an incident to occur at their restaurant. Moreover in April

2015, Defendant advertised Plaintiffs' restaurant for lease in a color add showing the

name of Plaintiffs' business in the advertisement stating, "Fully built-out restaurant space

of lease situated on K St. NE, DC Just blocks from Union Station." When Plaintiff asked

the Defendant's agent, "why did you advertise my restaurant for lease when I have not

been placed in default and there are no court proceedings pending?" Defendant's agent

responded, "because I can."

16.     These are just two of the many examples of how Defendant's agents have tried to

sabotage Plaintiffs business and force Plaintiffs out of the retail space because the

Defendant's agent informed Plaintiff Timothy Dean that the Defendant now "preferred a

different type" of retail space holder, i.e. Caucasian/white, who would in turn attract

more of a white clientele and less Blacks. Never did Plaintiffs imagine that this type of

discriminatory action would be taken against them because of gentrification and their

race Black. When Plaintiffs contacted high level mangers for the Defendant about the

discriminatory treatment, their complaints and concerns were ignored and never

addressed at all. Defendant's intentional actions forced Plaintiffs into a terrible economic

position and caused them to loose hundreds of thousands of dollars and Plaintiffs

continue to loose $20,000 a month in revenue because of Defendant's actions. Defendant

Union Place Phase I, LLC (Landlord) is using discriminatory tactics force Plaintiffs to

vacate the commercially lease space so that the Defendant can place a non-Black owned

business in the commercial space. Defendant's discriminatory actions towards Plaintiffs

has caused Plaintiffs Timothy Dean, Adebayo Adedeji, and Fisher Dean Jr., severe

emotional distress.

## COUNT I
### (UNLAWFUL DISCRIMINATION-VIOLATION OF CIVIL RIGHTS OF 1866, 42 USCA section 1981)

17. Plaintiffs repleads and realleges paragraphs 1 through 16, with the same force and effect as if set forth separately at length herein.

18. Plaintiffs made themselves available to receive services ordinarily provided by the Defendant.

19. The factual circumstances rationally support an inference of unlawful discrimination.

20. Plaintiffs did not enjoy the privileges and benefits of the of the Defendant's services while similarly situated persons outside the protected class were not deprived.

21. Defendant acted in a markedly hostile manner and in a manner in which a reasonable person would find objectively unreasonable. Plaintiffs were forced to loose $20,000 per month in revenue (over $400,000) from their R&B/ Jazz bands due to a discriminatory actions of Defendant and Plaintiffs continue to loose $20,000 a month in revenue because of Defendant's actions. Defendant's actions were done with actual malice.

22. Defendant intentionally discriminated against Plaintiffs in violation of the Civil Rights Act of 1866, 42 U.S.C.S., section 1981, on account of their race (African American).

## COUNT II
### VIOLATION OF THE D.C. HUMAN RIGHTS ACT §2-1402.21

23. Plaintiffs repleads and realleges paragraphs 1 through 22, with the same force and effect as if set forth separately at length herein.

24. Plaintiffs made themselves available to receive services ordinarily provided by the Defendant.

25. The factual circumstances rationally support an inference of unlawful discrimination.

26. Plaintiffs did not enjoy the privileges and benefits of the of the Defendant's services while similarly situated persons outside the Plaintiffs protected class were not deprived.

27. Defendant acted in a markedly hostile manner and in a manner in which a reasonable person would find objectively unreasonable. Plaintiffs were forced to loose $20,000 per month in revenue (over $400,000) from their R&B/ Jazz bands due to the discriminatory actions of Defendant and Plaintiffs continue to loose $20,000 a month in revenue because of Defendant's actions. Defendant's actions were done with actual malice.

28. Defendant intentionally discriminated against Plaintiffs on account of their race (African American) in violation of the DC Human Rights Act.

RELIEF SOUGHT

29. Plaintiffs re-pleads and re-alleges counts 1 through 28, with the same force and effect as if set forth separately at length herein.

30. Plaintiffs request the following relief:

31. Compensatory damages in the amount of $1,000,000.00.

32. Punitive damages in the amount of $2,000,000.00.

33. Lost revenue and income.

34. Pre and Post-judgment interest.

35. The costs of litigation, including reasonable attorney's fees and expert witness

    fees.

36. Such other relief that may be just.

Respectfully submitted,

_____/s/_____
Jimmy A. Bell, Esq.
Bar# MD14639
Law Office of Jimmy Bell, L.L.C.
P.O. Box 2239
Upper Marlboro, Maryland 20773
(301) 661-1165
(301) 560- 5267(Fax)
jimbellesq@aol.com
*Counsel for Plaintiffs*
